UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

JAMES R. MAIDEN, )
                 Plaintiff, )
   vs. )   1:10-cv-0766-WTL-DML
FRANK L. FRITCH, )
                 Defendant. )

### Entry Discussing Motion for Summary Judgment

The claim which survived the screening stage of this civil rights action brought by James Maiden is that Clinton County Sheriff Frank Fritch denied Maiden "his rights to prosecute a litigation." Maiden's claim is that Sheriff Fritch failed to obey an order issued by Judge Russell to transport Maiden to appear at a hearing set for January 30, 2009.

Sheriff Fritch has appeared in the action, filed his answer to the complaint, and seeks resolution of Maiden's claim through the entry of summary judgment.[1]

Whereupon the court, having read and examined the pleadings, having considered Sheriff Fritch's unopposed motion for summary judgment and supporting materials, and being duly advised, now finds that the motion for summary judgment must be **granted.** This conclusion is based on the following facts and circumstances:

    1.    A motion for summary judgment must be granted if "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Scott v. Edinburg,* 346 F.3d 752, 755 (7th Cir. 2003) (quoting **FED.R.CIV.P.** 56(c) and citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986)). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 127 S. Ct. 1769, 1776 (2007).

---

[1] Sheriff Fritch also seeks dismissal of the complaint purusnat to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*. Because the court has considered materials outside the pleadings in resolving the case, the motion to dismiss is disregarded and the court proceeds to rule on the alternative motion for summary judgment.

a. "'[A] party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered.'" *Sanders v. Village of Dixmoor,* 178 F.3d 869, 870 (7th Cir. 1999) (quoting *Liberles v. County of Cook,* 709 F.2d 1122, 1126 (7th Cir. 1983)). "The nonmovant will successfully oppose summary judgment only when it presents definite, competent evidence to rebut the motion." *Vukadinovich v. Bd. of Sch. Trs.,* 278 F.3d 693, 699 (7th Cir. 2002) (internal quotation and citation omitted).

b. Maiden has not opposed the motion for summary judgment. The consequence of this is that he has conceded the versions of the facts properly supported in the motion for summary judgment. *Brasic v. Heinemann's Inc.,* 121 F.3d 281, 286 (7th Cir. 1997). This is the result of Local Rule 56.1(h), of which Lopez was notified. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."). This does not alter the standard for assessing a Rule 56(c) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

2. "The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248).

3. Maiden's action is brought pursuant to 42 U.S.C. § 1983. "Section 1983 is not itself a source of substantive rights; instead it is a means for vindicating federal rights elsewhere conferred." *Ledford v. Sullivan,* 105 F.3d 354, 356 (7th Cir. 1997) (citing *Baker v. McCollan,* 443 U.S. 137, 144 n.3 (1979)).

4. The following statement of undisputed material facts was evaluated pursuant to the standards set forth above. That is, this statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light reasonably most favorable to Maiden as the non-moving party with respect to the motion for summary judgment. *See Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 150 (2000).

a. On June 20, 2008, Maiden filed several complaints in the Tipton County Small Claims Court. They were docketed as No. 80C01-0806-SC-125. One such claim garnered a counterclaim by the defendant.

b. The claims and the counterclaim in No. 80C01-0806-SC-125 were set for trial on January 30, 2009, and on January 9, 2009, Judge Russell issued a Transport Order directing Sheriff Fritch to transport Maiden to the Small Claims Court on January 30, 2009, to be present at the trial.

c. Both at the time No. 80C01-0806-SC-125 was filed and at the time the Transport Order was issued, Maiden was not confined at the Tipton County Jail but at an Indiana prison in neighboring Miami County.

d. At the trial on January 30, 2009, Maiden failed to appear. The outcome of the case in the trial court was the dismissal of Maiden's claims and the entry of judgment against Maiden as to the counterclaim. Maiden appealed this outcome, but without success.

5. Prisoners have a constitutional right to meaningful access to the courts, with which the state may not interfere. *Hudspeth v. Figgins,* 584 F.2d 1345, 1347 (4th Cir. 1978). The United States Supreme Court has clarified that prisoners' contentions of deprivations of access to courts must show actual injury as a "constitutional prerequisite." *Lewis v. Casey,* 518 U.S. 343, 351 (1996). An inmate must prove that the defendants' actions hindered or frustrated his efforts to pursue a non-frivolous direct criminal appeal, habeas petition, or civil rights action. *Id.,* 518 U.S. at 354-56. "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* at 355.

6. The foregoing rule, applied to the undisputed facts, shows that Maiden did not suffer the violation of his constitutional right of access to the courts when Sheriff Fritch did not execute the Transport Order issued on January 9, 2009. This is because the claims in No. 80C01-0806-SC-125 were not associated with Maiden's direct criminal appeal, habeas petition, or civil rights action dealing with the conditions of his confinement. In consequence, his failure to appear at the trial in No. 80C01-0806-SC-125 on January 30, 2009, was simply an "incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis,* 518 U.S. at 355.

7. Maiden therefore did not suffer "prejudice" as explained in *Lewis,* and no action lies under § 1983 unless a plaintiff has asserted the violation of a federal right. *See Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992) (without a predicate constitutional violation one cannot make out a *prima facie* case under § 1983).

8. Although "[f]ederal courts must take cognizance of the valid constitutional claims of prison inmates," *Babcock v. White,* 102 F.3d 267, 275 (7th Cir. 1996)(quoting *Turner v. Safley,* 482 U.S. 78, 84 (1987)), Maiden has presented no claim of that nature in this case.

Sheriff Fritch's motion for summary judgment (dkt 25) is therefore **granted.** Judgment consistent with this Entry shall now issue. The costs of this action are assessed against the plaintiff, James Maiden.

**IT IS SO ORDERED.**

Date: 10/28/2010

*[signature: William T. Lawrence]*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana